IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROSA ESTELLA OLVERA JIMENEZ | § | |
| | § | |
| V. | § | A-12-CV-373-LY |
| | § | |
| LORIE DAVIS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules. Before the Court are Respondent Lorie Davis's Motion to Alter or Amend Judgment (ECF No. 56) and Motion for Stay (ECF No. 57) and Petitioner Rosa Estella Olvera Jimenez's responses thereto and Alternative Request for Release on Bond (ECF Nos. 67-68).

## BACKGROUND

Respondent has custody of Petitioner pursuant to a judgment and sentence imposed by the 299th Judicial District Court of Travis County, Texas. A jury found Petitioner guilty of felony murder and injury to a child, and sentenced her to concurrent terms of 75 years of imprisonment for murder and 99 years of imprisonment for injury to a child.

Petitioner challenged her convictions in a federal application for habeas corpus relief. She asserted she was denied her right to due process of law and her right to the effective assistance of counsel, and that she is actually innocent of the crimes of conviction. The Court, in a detailed Report and Recommendation (ECF No. 39), found Petitioner's trial counsel's performance was deficient, Petitioner was prejudiced by that deficiency and that Petitioner was denied the "basic tools"

necessary to present an adequate and complete defense in violation of her Fourteenth Amendment due process right to a fundamentally fair trial. The Court recommended that Petitioner be granted federal habeas relief. On October 28, 2019, the District Court adopted the Report and Recommendation and issued an Order (ECF No. 54), granting habeas corpus relief and requiring Petitioner's release or retrial by February 25, 2020. In its final judgment (ECF No. 55), entered on October 29, 2019, the District Court awarded Petitioner costs.

Respondent moves to alter or amend the judgment, arguing the award of costs was error. Respondent also moves to stay the final order pending her appeal. Petitioner opposes the motions. Alternatively, Petitioner contends she should be released on bond pending Respondent's appeal should the Court grant Respondent's request for a stay.

The District Court referred both matters to the undersigned for a report and recommendation. The Court held a hearing on the pending matters on January 14, 2020. At the hearing, the Court gave counsel for both parties the opportunity to provide the Court with additional information in order to aid the Court is making its recommendation.

## ANALYSIS

**A.      Motion to Alter or Amend Judgment**

Pursuant to Local Rule CV-54 a party awarded costs is required to prepare and file a bill of costs no later than 14 days after the entry of judgment. Judgment was entered on October 29, 2019. Petitioner failed to file a bill of costs, thereby waiving the right to recover costs. Thus, there is no need to alter or amend the judgment. Accordingly, Respondent's Motion to Alter or Amend the Judgment should be denied as moot.

**B.     Motion for Stay**

Rule 23(c) of the Federal Rules of Appellate Procedure creates a presumption that a successful habeas petitioner should be released from custody. Specifically, Rule 23(c) provides:

> **Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The Court has broad discretion to grant or deny a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 774–75 (1987). When reviewing a request to stay following a habeas grant, the Court balances four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. The Supreme Court expanded on the factors to be considered in the specific context of a state criminal conviction, adding as factors the possibility of flight, the risk of a danger to the public, and the State's interest in continuing custody. *Id.* at 777. The Court further explained, if the State fails to establish it has a strong likelihood of success on appeal, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release and the State has demonstrated a "substantial case on the merits." *Id.* at 778.

   1.     *Success on the Merits*

In its Report and Recommendation, the Court carefully considered Petitioner's claims and explained in detail that Petitioner is entitled to federal habeas corpus relief. The District Court accepted and adopted the Report and Recommendation. The Court need not repeat the details

contained in the Report and Recommendation or the Order adopting same. The one facet of this case that is worth repeating, however, is that four separate judges, each of whom are thoroughly familiar with the entire record in the case, have determined that, in the trial judge's words, "there is a substantial likelihood that [Petitioner] was not guilty," or, in the case of the three judges who have presided over the state and federal habeas proceedings, that, had the jury heard from appropriate medical experts, the jury would likely have found the Petitioner not guilty.

While the Court believes that Respondent has nonfrivolous issues to present on appeal, it does not—indeed realistically could not—believe that the State has a strong likelihood of success on appeal, given that it has concluded Petitioner is entitled to a writ of habeas corpus. If the Court believed there was a strong likelihood that the State would be successful on appeal, that would mean the Court also believed that its decision is likely in error. Courts, this one included, rarely if ever enter rulings that they believe are probably wrong, and the Court certainly did not do so in this case. Accordingly, the undersigned cannot conclude that the Respondent has shown a strong likelihood of success on appeal.

  2. *Irreparable Injury*

In its motion, the State's primary argument regarding suffering an irreparable injury in the absence of a stay related to the fact that, if released, the Petitioner would be taken into custody by federal Immigration officials, and could then be removed from the United States, making it impossible to retry her. In response to questioning by the Court, Respondent concurred that it was likely the Respondent would remain in custody if the State commenced the process leading to a retrial. Additionally, counsel for Respondent stated a concern that the commencement of the retrial

could cause the appeal to become moot. He conceded, however, that he was uncertain of that, and had no authority to support this contention.

With regard to the concern that the State will lose custody of Petitioner to Immigration and Customs Enforcement (ICE), that concern is purely speculative. There is a glaring lack of evidence or other authority to support this argument. When asked for the evidence to support his argument, counsel conceded he had none.[1] Respondent therefore failed to show there is any likelihood that the State would lose custody of Ms. Jimenez if a stay is denied. Respondent clearly indicated Travis County District Attorney Margaret Moore is intent on retrying Petitioner. This is thus not a case where the State will simply open the door to the prison and either let Petitioner walk free or hand her over to ICE. Instead, she will be bench warranted to Travis County where she will be a pretrial detainee. The State has thus failed to carry its burden to show irreparable injury if a stay is denied.

    3.    *Substantial Injury to Other Parties Interested in Proceeding*

The interest of a habeas prisoner in release pending appeal is always substantial. *Id.* In this case Petitioner has been imprisoned 17 years for what this Court has concluded was an unconstitutional conviction, for crimes on which it is likely she would be acquitted if she receives a constitutionally compliant trial. Her children are nearing adulthood in another country and she suffers from a serious medical condition. The appeal in this case could easily take more than a year

---

[1] Counsel further conceded that, despite the fact that the judgment was entered nearly three months ago, no one on behalf of the State had made any inquiries of ICE regarding this issue, and that Respondent had no evidence that ICE had any intention to attempt to remove Ms. Jimenez from the United States before she could be retried (assuming that it even had the authority to do so). Given that a detainer is merely a request to be notified of the intended release of a prisoner, and a request to maintain custody of the prisoner for 48 hours after notice, the existence of a detainer says very little on the relevant question. And counsel's speculation that somehow ICE would interrupt the transfer of Ms. Jimenez from TDCJ to Travis County, take custody of Ms. Jimenez and then remove her from the United States, has absolutely no evidentiary basis.

to resolve, and Respondent admits it would likely take at least a year to get to the actual retrial of the case. Petitioner has clearly demonstrated she will suffer a substantial injury should the Court stay the order and final judgment in this case pending an appeal. The Court finds this factor weighs heavily against the stay.

    4.    *Public Interest*

The public has a strong interest in not unnecessarily delaying the release of a prisoner that a court has found to be incarcerated in violation of the Constitution. As mentioned earlier, if a stay is denied, Petitioner will not simply be released from custody but will instead be bench warranted to Travis County for purposes of retrial. The Court finds the public has a strong interest in retrying Petitioner, if that is the District Attorney's intent, without further delaying the incarceration of a potentially innocent person.

Balancing the relevant factors, the Court concludes that they weigh against a stay.

## RECOMMENDATION

It is recommended that Respondent's Motion to Alter or Amend Judgment (ECF No. 56) be DENIED AS MOOT. It is further recommended that Respondent's Motion for Stay (ECF No. 57) be DENIED and Petitioner's Alternative Request for Release on Bond (ECF No. 68) be DISMISSED.[2]

## OBJECTIONS

The parties may file objections to this Report and Recommendation. The parties agreed to expedite the filing of their objections and to file them on or before January 22, 2020. A party filing

---

[2] It would seem that the state court that will preside over any new trial, not this Court, is the appropriate court to hear evidence on and decide whether there are conditions of release that would reasonably assure Ms. Jimenez's appearance at a retrial.

objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

      SIGNED this 14th day of January, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE